UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FUJIKIN, INC.,

    Petitioner,

v.

GENERAL COMPONENTS, INC.,

    Respondent/Cross-Petitioner.

---

14 CV 9319

ECF Case



## PETITION TO CONFIRM FINAL ARBITRATION AWARD

Petitioner Fujikin, Inc. ("Fujikin") for its complaint against General Components, Inc. ("GCI") hereby alleges upon personal knowledge as to itself and as to its own conduct, and upon information and belief as to all other matters, as follows:

### NATURE OF THE PETITION

1. This is a petition filed pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to confirm an international arbitration award and to enter a judgment including a monetary judgment in the amount of US $56,982.46 against GCI in conformity with the arbitration award.

2. This petition arises out of international arbitration conducted in New York brought pursuant to the arbitration clause of the July 8, 1994 Patent License Agreement ("PLA") between GCI and Fujikin, and seeks confirmation of the award rendered on January 8, 2014 (the "Final Award") by an International Arbitration Tribunal of the International Centre for Dispute Resolution ("ICDR"). A true and correct copy of the Final Award is attached as Exhibit A to the accompanying Declaration of Joseph C. Gioconda, dated November 21, 2014 ("Gioconda

Decl.") True and correct copies of GCI's ICDR arbitration demand and the PLA are attached as Exhibits B and C to the Gioconda Decl., respectively.

3. The Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), as implemented by the FAA, 9 U.S.C. §§ 201, *et seq.*, governs the Final Award because the underlying arbitration arises from a "commercial" relationship and involves citizens of different countries.

## PARTIES

4. Fujikin is, and at all times herein, has been, a corporation duly organized and existing under the laws of Japan, with its principal place of business located in Japan.

5. GCI is, and at all times herein, has been, a corporation duly organized and existing under the laws of Maryland, with its principal place of business located in Maryland.

## JURISDICTION AND VENUE

6. Petitioner Fujikin brings this action to confirm an arbitration award pursuant to the FAA, 9 U.S.C. § 1, *et seq.*, falling under the New York Convention within the meaning of 9 U.S.C. § 202. (*See* Final Award, Gioconda Decl., Ex. A, at 4.) Pursuant to 9 U.S.C. § 203, this Court has jurisdiction over the subject matter of this action. This Court also has jurisdiction under 9 U.S.C. § 9 because the PLA includes a consent-to-confirmation clause. *Phoenix Aktiengesellschaft v. Ecoplas, Inc.*, 391 F.3d 433, 435-436 (2d Cir. N.Y. 2004.) (PLA, Gioconda Decl., Ex. C at § 8.12.16.) Moreover, this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because the underlying arbitration was between a Japanese corporation (Fujikin) and a Maryland corporation (GCI) and the amount in controversy was $5,000,000. (*See* GCI Arbitration Demand, Gioconda Decl., Ex. B.)

7. This Court has personal jurisdiction over Fujikin and GCI because both parties consented to arbitration proceedings in New York and entry of final arbitration awards "in any

jurisdiction by suit on the judgment," including New York. (*See* GCI Arbitration Demand, Gioconda Decl., Ex. B; PLA, Gioconda Decl., Ex. C at §§ 8.12.3, 8.12.6.) GCI and Fujikin previously consented to personal jurisdiction and venue in this Court by filing a petition to vacate and cross-petition to confirm, respectively, of a separate partial final award from the same underlying arbitration. (*See* GCI Petition, Gioconda Decl., Ex. E; Fujikin Cross-Petition to Confirm, Gioconda Decl., Ex. F, filed in Case 1:13-cv-03012-KBF.) Venue in this Court is proper pursuant to 9 U.S.C. § 204.

## FACTUAL BACKGROUND

8. The underlying arbitration proceedings related to GCI's claim that Fujikin owed GCI $5,000,000 for unpaid royalties under the terms of the PLA. (*See* GCI Arbitration Demand, Gioconda Decl., Ex. B.) A detailed history of the dispute between Fujikin and GCI is described in briefs filed previously in this Court. (*See* Fujikin Cross-Petition to Confirm, Gioconda Decl. Ex. F; Fujikin Memorandum, Gioconda Dec., Ex. G.)

9. On February 7, 2013, the ICDR arbitration panel rendered a Partial Final Award dismissing all of GCI's arbitration claims because those claims were waived and barred by laches. (*See* Partial Final Award, Gioconda Decl., Ex. D.) GCI filed a petition to vacate the Partial Final Award on May 3, 2013 in this Court (Case 1:13-cv-03012-KBF) and Fujikin filed a cross-petition to confirm. (*See* GCI Petition, Gioconda Decl., Ex. E; Fujikin Cross-Petition to Confirm, Gioconda Decl., Ex. F.) This Court rejected GCI's arguments and confirmed the Partial Final Award on October 7, 2013. (Order Confirming Partial Final Award, Gioconda Decl., Ex. H)

10. After the Partial Final Award was confirmed, the arbitration proceeded and the arbitration panel rendered a Final Award on January 8, 2014. (*See* Final Award, Gioconda Decl., Ex. A.) The Final Award addressed Fujikin's unopposed request that the arbitration panel

apportion the arbitrator's fees in accordance with the terms of the PLA. (*Id.* at 2.) The Final Award ordered GCI to pay Fujikin US $56,982.46 within thirty days of the issuance of the Final Award to account for GCI's failure to pay its share of arbitrator's and administrative fees under the terms of the PLA. (*Id.* at ¶¶ 3-5; PLA, Gioconda Decl., Ex. C at § 8.12.4.)

11. The Final Award is final and binding upon the parties, and may be enforced by any court of competent jurisdiction. As set forth in the PLA, both parties agreed that "final judgment on an arbitration award rendered against it in a proceeding relating to this Agreement shall be conclusive and may be enforced, to the extent permitted by applicable law, in any jurisdiction by suit on the judgment." (PLA, Gioconda Decl., Ex. C at § 8.12.6.)

12. GCI has not paid Fujikin the ordered amount of US $56,982.46.

13. Less than one year has expired since the date of delivery of the Final Award by the panel to the parties.

14. No previous application has been made for the relief sought herein.

### PRAYER FOR RELIEF
### (9 U.S.C. §§ 9, 207)

15. Fujikin repeats and re-alleges each and every allegation contained in paragraphs 1 through 14 above, inclusive, and incorporates them herein by reference.

16. The New York Convention, as implemented by the FAA, 9 U.S.C. §§ 201, *et seq.*, provides that the "court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. Similarly, 9 U.S.C. § 9, which works in tandem with the New York Convention, provides that judgment shall be entered upon an arbitration award unless grounds exist to vacate, modify or correct the award as prescribed by Sections 10 and 11 of the FAA. *Phoenix Aktiengesellschaft v. Ecoplas, Inc.*, 391 F.3d 433, 435 (2d Cir. N.Y. 2004.)

17. None of the grounds for refusal or deferral of recognition or enforcement of an award specified in the New York Convention apply to the Final Award. Moreover, none of the grounds for vacating, modifying, or correcting an arbitration award set out in Section 10 and 11 of the FAA apply to the Final Award here and the three month deadline for GCI to petition to vacate, modify, or correct the Final Award under 9 U.S.C. § 12 lapsed on April 9, 2013. Accordingly, the Final Award should be confirmed pursuant to 9 U.S.C. §§ 9-12, 207 of the FAA.

18. By reason of the foregoing, Fujikin is entitled to the entry of an order and judgment confirming and entering the Final Award, and each and every term thereof, including the monetary award of US $56,982.46 against GCI, as a judgment of this Court.

**WHEREFORE**, Fujikin respectfully requests an order:

(a) confirming the Final Award;

(b) entering a judgment in favor of Fujikin and against GCI in accordance with the Final Award, including a judgment of US $56,982.46 against GCI; and

(c) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
November 21, 2014

GIOCONDA LAW GROUP PLLC

Joseph C. Gioconda

One Penn Plaza, 36th Floor

New York, NY 10119-0002
Telephone: (212) 786-7549
Facsimile: (888) 697-9665
joseph.gioconda@giocondalaw.com

Bell Plaza, Suite 607
42-40 Bell Boulevard
Bayside, NY 11361
Telephone: (718) 423-3610

James A. Shimota (*pro hac pending*)
Howard E. Levin (*pro hac pending*)
Aaron C. Taggart (*pro hac pending*)
MAVRAKAKIS LAW GROUP LLP
180 North LaSalle Street, Suite 2215
Chicago, Illinois 60601
Telephone:  312-216-1626
Facsimile:   312-216-1621
jshimota@mavllp.com
hlevin@mavllp.com
ataggart@mavllp.com

*Counsel for Petitioner Fujikin Inc.*