

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FUJIKIN, INC.,

        Petitioner,

    v.

GENERAL COMPONENTS, INC.,

        Respondent.

14 CV 9319

Civ. No.
ECF Case

---

MEMORANDUM IN SUPPORT OF PETITION TO CONFIRM
FINAL ARBITRATION AWARD



# TABLE OF AUTHORITIES

## Cases

*Florasynth v. Pickholz,*
   750 F.2d 171 (2d Cir. 1984) .................................................................................. 4

*Funcia v. Nyse Group,*
   2007 U.S. Dist. LEXIS 88581 (S.D.N.Y. Nov. 29, 2007) ...................................... 3

*Hall St. Assocs., L.L.C. v. Mattel, Inc.,*
   552 U.S. 576 (2008) ............................................................................................... 3

*Kruse v. Sands Brothers & Co., Ltd.,*
   226 F. Supp. 2d 484 (S.D.N.Y. 2002) .................................................................... 3

*P.M.I. Trading Ltd. v. Farstad Oil, Inc.,*
   2001 U.S. Dist. LEXIS 227 (S.D.N.Y. Jan. 11, 2001) ........................................... 4

*Phoenix Aktiengesellschaft v. Ecoplas, Inc.,*
   391 F.3d 433, 435 (2d Cir. N.Y. 2004.) ................................................................. 3

*Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.,*
   668 F.3d 60 (2d Cir. N.Y. 2012) ............................................................................ 3

*Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.,*
   126 F.3d 15 (2d Cir. N.Y. 1997) ............................................................................ 4

## Statutes

9 U.S.C. § 12 ..................................................................................................................... 1
9 U.S.C. § 12 ..................................................................................................................... 3
9 U.S.C. § 207 ............................................................................................................ 1, 3, 4
9 U.S.C. § 208 ................................................................................................................... 1
9 U.S.C. § 9 ............................................................................................................... 1, 3, 4
9 U.S.C. §§ 1-16 ............................................................................................................... 3

Petitioner Fujikin, Inc. ("Fujikin") submits this memorandum in support of Fujikin's Petition to Confirm the January 8, 2014 Final Arbitration Award against General Components, Inc. ("GCI") issued by the International Centre for Dispute Resolution ("ICDR") in Arbitration Case No. 50 133 T 00321 11.

## I. INTRODUCTION

The arbitration between Fujikin (a Japanese company) and GCI (a Maryland corporation) is governed by the New York Convention and the Federal Arbitration Act ("FAA").[1] (*See* Final Award, Gioconda Decl., Ex. A at 4; GCI Arbitration Demand, Gioconda Decl., Ex. B.) The final arbitration award ("Final Award") was issued on January 8, 2014 in ICDR Case No. 50 133 T 00321 11 providing Fujikin with a monetary award of US $56,982.46 against GCI. (Final Award, Gioconda Decl., Ex. A, at ¶¶ 3-5.) The FAA provides that a judgment must be entered upon an arbitration award following application to the court by a party within one year after the award is made unless grounds exist to vacate, modify or correct the award as prescribed by Sections 10 and 11 of the FAA. *See* 9 U.S.C. § 9. Under the New York Convention, a petition to confirm may be brought within three years after the award is made. 9 U.S.C. § 207. This petition was filed within the one-year period from the date of the Final Award and thus meets the requirements under both the FAA and the New York Convention. Moreover, no grounds for vacating, modifying, or correcting the Final Award exist, and the three-month statute of limitations for filing a motion to vacate, modify, or correct the award lapsed on April 8, 2014. *See* 9 U.S.C. § 12. Accordingly, the Final Award providing Fujikin with a monetary award of US $56,982.46 against GCI must be confirmed.

---

[1] The FAA applies to arbitrations brought under the New York Convention to the extent that the FAA does not conflict with the Convention.  9 U.S.C. § 208.

## II. BACKGROUND

On May 18, 2011, GCI initiated a demand for arbitration against Fujikin before the ICDR. (*See* Demand for Arbitration, Gioconda Decl., Ex. B.) GCI alleged that Fujikin owed GCI $5,000,000 in royalties under a 1994 patent license agreement. (*Id.*; Patent License Agreement, Gioconda Decl., Ex. C.) In response to GCI's allegations, Fujikin raised a number of time-bar defenses, including the defenses of laches and waiver. On February 7, 2013, after the parties briefed the issue of Fujikin's time-bar defenses and the arbitration panel conducted hearings, the panel issued a Partial Final Award barring all of GCI's arbitration claims. (*See* Partial Final Award, Gioconda Decl., Ex. D.)

On May 3, 2013, GCI filed a petition to this Court (Case 1:13-cv-03012-KBF) to vacate the Partial Final Award. (*See* GCI Petition, Gioconda Decl., Ex. E.) GCI alleged that the Arbitration Panel's decision to bar GCI's claims was in manifest disregard of the law. (*Id.*) Fujikin responded with a cross-petition to confirm the Partial Final Award. (*See* Fujikin Cross-Petition, Gioconda Decl., Ex. F.)[2] On October 7, 2013, this Court rejected GCI's arguments and issued an order confirming the Partial Final Award barring all of GCI's arbitration claims. (Judgment, Gioconda Decl., Ex. H.)

Subsequent to this Court's confirmation of the Partial Final Award, the arbitration proceeded. On January 8, 2014, the Arbitration Panel issued the Final Award. (Gioconda Decl., Ex. A.) The Final Award granted Fujikin's unopposed request that arbitration fees be apportioned as set forth by the terms of the arbitration clause of the parties' patent license agreement. (*Id.* at 2; Patent License Agreement, Gioconda Decl., Ex. C at § 8.12.4.)

---

[2] A detailed history of the parties' license dispute and the arbitration proceedings leading up to the Partial Final Award is addressed in Fujikin's Cross-Petition to Confirm the Partial Final Award, Fujikin's Memorandum in Opposition to GCI's Petition to Vacate and in Support of Fujikin's Petition to Confirm the Partial Final Award, and this Court's order confirming the Partial Final Award. (*See* Fujikin Cross-Petition, Gioconda Decl., Ex F; Fujikin Memorandum, Gioconda Decl., Ex. G; Judgment, Gioconda Decl., Ex. H.)

2

Accordingly, the Arbitration Panel ordered GCI to pay Fujikin $56,982.46 for GCI's unpaid share of arbitrator's and administrative fees within thirty days of the issuance of the January 8, 2014 Final Award. (Gioconda Decl., Ex. A, at ¶¶ 3-5.)

### III. LEGAL STANDARD

"Pursuant to 9 U.S.C. § 208, the pre-Convention provisions of the FAA - that is, the provisions of Chapter 1, 9 U.S.C. §§ 1-16 - continue to apply to the enforcement of foreign arbitral awards except to the extent that Chapter 1 conflicts with the Convention." *Phoenix Aktiengesellschaft v. Ecoplas, Inc.*, 391 F.3d 433, 435 (2d Cir. N.Y. 2004.)

The Federal Arbitration Act ("FAA") provides that judgment "must" be entered upon an arbitration award following application to the court by any party within one year after the award is made unless grounds exist to vacate, modify or correct the award as prescribed by Sections 10 and 11 of the FAA. *See* 9 U.S.C. § 9. *See also Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 78 (2d Cir. N.Y. 2012) (citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) ("a court 'must' confirm an arbitration award 'unless' it is vacated, modified or corrected 'as prescribed' in §§ 10 and 11. For petitions brought under the New York Convention, '[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in said Convention.' 9 U.S.C. § 207.") *Id.*

"The Federal Arbitration Act requires that motions to vacate arbitral awards be filed within 90 days of the date that the award is filed or delivered. 9 U.S.C. § 12.  There is no exception to this requirement and failure to comply with this requirement waives the right to seek vacatur." *See Funcia v. Nyse Group*, 2007 U.S. Dist. LEXIS 88581, 9-10 (S.D.N.Y. Nov. 29, 2007) (citing *Kruse v. Sands Brothers & Co., Ltd.*, 226 F. Supp. 2d 484, 486 (S.D.N.Y. 2002)

3

and *Florasynth v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984).) Moreover, "A party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm." *Florasynth*, 750 F.2d at 175. The three-month statute of limitations for raising vacatur applies to arbitrations governed by the New York Convention. *P.M.I. Trading Ltd. v. Farstad Oil, Inc.*, 2001 U.S. Dist. LEXIS 227 (S.D.N.Y. Jan. 11, 2001) ("Under § 12 of the FAA (which applies in this respect since it is not in conflict with the Convention, *see Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 20 (2d Cir. N.Y. 1997)), a motion to vacate must be made within 'three months after the award is filed or delivered.' 9 U.S.C. § 12.")

## IV. THE FINAL AWARD MUST BE CONFIRMED

The parties agreed that "final judgment on an arbitration award rendered against it in a proceeding relating to this Agreement shall be conclusive and may be enforced." (Gioconda Decl., Ex. C at § 8.12.16.) The Arbitration Panel issued the Final Award on January 8, 2014. (Gioconda Decl., Ex. A.) Fujikin filed this petition within one year of the issuance of the Final Award. Therefore, Fujikin's petition is timely under both the FAA and the New York Convention. 9 U.S.C. § 9; 9 U.S.C. § 207. GCI did not file a petition to vacate, modify, or correct the Final Award within the 90-day period following the issuance of the Final Award. Thus, GCI is barred from raising any defenses relating to vacatur, modification, or correction of the Final Award in response to this petition. *Florasynth*, 750 F.2d at 175. Moreover, Fujikin's request for apportionment of arbitrator fees was unopposed by GCI, and no grounds exist for vacatur, modification, or correction of the Final Award. (Final Award, Gioconda Decl., Ex. A, at 2.) Accordingly, the Court must confirm the Final Award and enter a Judgment in favor of

4

Fujikin in the amount of US $56,982.46 that was due by February 9, 2014, thirty days after the Final Award issued. (*Id.* at ¶¶ 3-5.)

## V. CONCLUSION

For the reasons set forth herein, Fujikin's Petition to confirm the Final Award must be granted.

Dated: New York, New York
November 21, 2014

GIOCONDA LAW GROUP PLLC

*[signature]*

Joseph C. Gioconda

One Penn Plaza, 36th Floor
New York, NY 10119-0002
Telephone: (212) 786-7549
Facsimile: (888) 697-9665
joseph.gioconda@giocondalaw.com

Bell Plaza, Suite 607
42-40 Bell Boulevard
Bayside, NY 11361
Telephone: (718) 423-3610

James A. Shimota (*pro hac pending*)
Howard E. Levin (*pro hac pending*)
Aaron C. Taggart (*pro hac pending*)
MAVRAKAKIS LAW GROUP LLP
180 North LaSalle Street, Suite 2215
Chicago, Illinois 60601
Telephone: 312-216-1626
Facsimile: 312-216-1621
jshimota@mavllp.com
hlevin@mavllp.com
ataggart@mavllp.com

*Counsel for Petitioner Fujikin Inc.*

Gioconda Law Group PLLC
One Penn Plaza, 36th Floor
Fashion Avenue and West 34th Street
New York, New York 10119
Tel: 212.786.7549
Fax: 888.697.9665

Bell Plaza, Suite 607
42-40 Bell Boulevard
Bayside, NY 11361
Telephone: (718) 423-3610

*Attorney for Petitioner Fujikin, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUJIKIN, INC., <br>     Petitioner, <br><br> v. <br><br> GENERAL COMPONENTS, INC., <br>     Respondent. | CV No. <br> ECF Case |

### DECLARATION OF JOSEPH GIOCONDA IN SUPPORT OF FUJIKIN'S PETITION TO CONFIRM FINAL ARBITRATION AWARD

I, Joseph C. Gioconda, declare:

1. I am a member of the bar of the State of New York, and am an attorney with the law firm of Gioconda Law Group PLLC, counsel for petitioner Fujikin, Inc. ("Fujikin") in the instant action. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. A true and correct copy of the January 8, 2014, Final Award issued by the arbitration panel (the "Panel") is attached hereto as Exhibit A.

3. A true and correct copy of the May 18, 2011, Demand for Arbitration filed by General Components, Inc. ("GCI") with the International Centre for Dispute Resolution ("ICDR") is attached hereto as Exhibit B.

4. A true and correct copy of the July 8, 1994 Patent License Agreement between GCI and Fujikin is attached hereto as Exhibit C.

5. A true and correct copy of the February 7, 2013, Partial Final Award issued by the Panel is attached hereto as Exhibit D.

6. A true and correct copy of GCI's Petition to Vacate Arbitration Award, dated May 03, 2013, is attached hereto as Exhibit E.

7. A true and correct copy of Fujikin's Cross-Petition to Confirm Arbitration Award, dated June 10, 2013, is attached hereto as Exhibit F.

8. A true and correct copy of Fujikin's Memorandum in Opposition to GCI's Petition to Vacate and in Support of Fujikin's Petition to Confirm the Partial Final Award, dated June 10, 2013, is attached hereto as Exhibit G.

9. A true and correct copy of this Court's Order Confirming Partial Final Award, dated October 07, 2013, is attached hereto as Exhibit H.

I declare under penalty of perjury under the laws of the United State that the foregoing is true and correct

Executed on November 21, 2014, in New York, New York.

Joseph C. Gioconda
One Penn Plaza, 36th Floor
New York, NY 10119-0002
Telephone: (212) 786-7549

2

Facsimile: (888) 697-9665
joseph.gioconda@giocondalaw.com

Bell Plaza, Suite 607
42-40 Bell Boulevard
Bayside, NY 11361
Telephone: (718) 423-3610

3